UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA COMMUNITY ACTION ON TOXICS and ALASKA CHAPTER OF THE SIERRA CLUB,<br><br>Plaintiffs,<br><br>v.<br><br>AURORA ENERGY SERVICES, LLC and ALASKA RAILROAD CORPORATION,<br><br>Defendants.<br>_____ | Case No. 3:09-cv-00255-TMB<br><br><br><br>PROTECTIVE ORDER |

In order to facilitate discovery while protecting the confidentiality of certain business and governmental records, the Court enters the following Protective Order.

1.  Subject to the terms of this Order, any party may designate as "CONFIDENTIAL" any information produced, filed, or otherwise disclosed by it in this action provided that the designated information consists of proprietary business information, commercially sensitive information, trade secrets, information the disclosure of which would violate an individual's right of privacy, or sensitive governmental information not normally available to the public or to persons or entities outside the party and its affiliates (or nonparty source as defined in paragraph 7), which, if disclosed freely, would subject the party or its affiliates and/or customers to competitive disadvantage or

business injury or would violate an individual's right of privacy. Information so designated may be disclosed only to the extent set forth below.

2. The term "Confidential Materials" means any materials that have been designated as "CONFIDENTIAL," pursuant to the terms of this agreement, together with any information contained in or obtained from such designated materials that discloses the contents of the "Confidential Materials," notes of "Confidential Materials," and copies of "Confidential Materials."

3. "Confidential Materials" may only be disclosed to "Qualified Persons," as defined below. Use or disclosure to anyone other than "Qualified Persons," as defined below, is strictly prohibited and will be permitted only by a future order of the Court or written consent of the party from whom the material was obtained. Each Qualified Person shall execute an agreement in the form provided in Exhibit A hereto, acknowledging agreement to not disclose "Confidential Materials" to any other person or entity for any reason other than as permitted by this Order, prior to receiving or reviewing any "Confidential Materials." A copy of each such executed agreement shall be served on opposing counsel, except there shall be no obligation to provide copies of agreements that are executed by consulting or testifying experts until after conclusion of the litigation unless earlier disclosure is ordered by the Court for good cause.

4. A party may at any time serve a written notice of objection to the designation of information as "Confidential Materials." The notice shall identify specifically the information from which the objecting party wishes to have the

designation removed and specify the reasons for wishing to do so. In the event of such a notice of objection, the parties shall promptly use reasonable efforts to resolve any dispute. Within 10 days of actual receipt of such notice, the designating party or nonparty source shall notify the objecting party in writing whether the designating party or nonparty source will agree to remove the designation as requested. Absent such timely notification of agreement, the objecting party may move for an order declassifying the specified information. The information shall be treated as "Confidential Materials" as designated until the designating party agrees to remove the designation or the designation is removed by Court order. If such a motion is filed, the burden of proof shall be on the party seeking protection.

5. Any party to this action or nonparty source that provides information may redact or withhold documentation otherwise discoverable under the Civil Rules, irrespective of designating the information "CONFIDENTIAL" to the extent and in the manner permitted in Civil Rule 26(b)(5).

6. The designation of information as "Confidential Material" shall be made by placing or affixing on it a legend reading as follows:

> **CONFIDENTIAL MATERIAL.** Not to be used, copied, or disclosed except in accordance with Protective Order, <u>Alaska Community Action on Toxics, et al. v. Aurora Energy Services, LLC, et al.</u>, United States District Court for the District of Alaska, Case No. 3:09-cv-00255-TMB.

7. A party to this action or nonparty source may designate any part of deposition testimony in which its own information is disclosed, directly or indirectly, as

"Confidential Material" by advising the reporter at the time of the deposition or within 10 business days of first receiving a copy of the transcript of the deposition.  The reporter shall annotate the transcript accordingly and, if such transcript is required to be filed with the Court, the reporter shall file the transcript under seal with the clerk.  If information in the transcript is not designated as "Confidential Material" until after the reporter has disseminated copies thereof, the reporter shall notify each recipient of the designation, and such recipients shall apply the legend required by paragraph 6.  Any objections as to such designations will be resolved in the manner specified in paragraph 4 above.

8. During the period between the date of the deposition testimony and the tenth business day after receipt of the transcript thereof, all deposition transcripts and exhibits marked therein shall be treated as "Confidential Material."

9. Information designated as "Confidential Material" under this Protective Order shall be used solely for this litigation, and shall not be used or disclosed for any other governmental, business, competitive, or other purpose whatsoever, unless the party or nonparty source furnishing such information consents in writing to such other uses, or this Court otherwise orders.

10. Except as otherwise provided in this Protective Order, any information designated as "Confidential Material" shall be made available only to Qualified Persons.  A party, a person or entity engaged by a party in this action as a consultant or expert witness, or counsel for a party who obtains from any source information designated as "CONFIDENTIAL" under this Protective Order may disclose or permit disclosure of such

information only to the following Qualified Persons.  "Qualified Persons," as used herein, means:

  (a) Counsel working on this litigation for any party, and employees or contractors of law firms that serve as or provide assistance to counsel in this litigation;

  (b) Corporate attorneys regularly employed by a corporate party working on or with direct responsibility for this litigation, and employees or contractors assisting such corporate attorneys in this litigation;

  (c) Court reporters in any jurisdiction who are engaged for purposes of this litigation;

  (d) Outside consultants or experts, and their employees or contractors assisting in this litigation.  The term "outside," as used in this subparagraph and elsewhere in this Protective Order, refers to a person who is not an officer or employee of a party to this action;

  (e) Any witness or potential witness in this litigation who has a need to know the contents of the "Confidential Material."  Any witness or potential witness to whom such information is disclosed may not retain such information, or any notes, compilations, or other materials derived from such information, after the conclusion of this litigation, unless such witness is a person to whom counsel is otherwise entitled to disclose such information under subparagraphs (a) through (d) above or such witness is itself the source of such information;

(f)     Any present or former officer, director, official, or employee of AES or ARRC whose participation in this litigation is determined to be necessary by counsel of record for that party; and

(g)     United States District Court personnel and persons who are selected to be jurors in this matter.

It shall be the responsibility of the Qualified Person making such disclosure of "Confidential Material" to secure, prior to making such disclosure, such an executed statement from the person to whom disclosure is made in the form attached hereto as Exhibit A. Until further order of the Court, counsel for each party shall retain the originals of each such agreement executed or obtained by that party or its counsel in the form attached hereto as Exhibit A.

11.     Unless otherwise ordered by this Court, Qualified Persons who are not the party or nonparty source initially providing such "Confidential Material" shall not be permitted to use any information subject to this Protective Order as the basis for gaining any competitive advantage over any party or nonparty source furnishing the information.

12.     Unless otherwise ordered by this Court, or with the written consent of the party or nonparty source who furnished such information, counsel for any party or any other Qualified Person who obtains access to information designated as "Confidential Material" under this Protective Order shall not use or make copies, duplicates, extracts, summaries, or descriptions of the information or any portion thereof except as may be reasonably necessary for this litigation, and any appeals therefrom. Any copies or

duplicates of documents designated as "Confidential Material" after the date of this Order shall be marked with the appropriate legend as set forth in paragraph 6 and accordingly be treated as "Confidential Material" under this Protective Order.

13. The provisions of this Protective Order shall not apply (a) if the party asserting confidentiality specifically waives in writing the protective conditions set forth in this Protective Order with respect to the use of any information, whether generally or for a specified purpose, or (b) if information is lawfully acquired by a party or its counsel or a nonparty source, without use of or reliance upon any information designated by the other party or any nonparty source as "Confidential Material." Under either circumstance, the information may be used by any party without regard to the provisions of this Protective Order.

14. All depositions in this action and court testimony involving "Confidential Material" shall be held in the presence only of the deponent, officers of the court (including the reporter), and Qualified Persons.

15. The Court finds that discovery in this matter will involve the production of a substantial volume of sensitive business documents for which public disclosure would be harmful, and that compelling reasons exist for the sealing of documents. Therefore, the Court hereby authorizes information designated as "Confidential Material" to be filed under seal in connection with non-dispositive motions, dispositive motions, hearings, and trial, unless such designation has been removed by the designating party or the Court. To the extent that a party wishes to file a document with the Court after the date this

Protective Order is issued that is or contains information designated as "Confidential Material," the party must file such document under seal as provided in Local Rules 5.3(g)(1) and 5.4(a) and the Electronic Filing Administrative Policies and Procedures for the United States District Court for the District of Alaska. Such document shall be marked as set forth in paragraph 6 and filed with an electronic notation that it is being filed under seal pursuant to this Protective Order. The party filing a document under seal is responsible for effecting service of the document. All documents filed under seal shall be withheld from public disclosure as provided herein, except upon order of the Court.

16. The use of any information designated as "Confidential Material" in any Court proceeding shall not cause it to lose its designated status, and the parties shall take all steps reasonably required to protect its confidentiality during such use. The parties shall cooperate in advance of trial or hearing to minimize the need for continuing the protected status of such information.

17. The provisions of this Protective Order shall survive the resolution or termination of this action. All parties and persons subject to this Protective Order shall take reasonable precautions to maintain the information in accordance with the terms of this Protective Order.

18. Within 20 business days following the resolution of this litigation or following the expiration of any applicable time to appeal a final order that resolves all claims entered in this litigation, any party or nonparty source may demand the return of all "Confidential Material" produced in this litigation or demand certification that such

information was destroyed. The party in possession of the "Confidential Material" shall choose whether to return or destroy the "Confidential Material" in question.

19. Except under the circumstances set forth in paragraph 18 above, no person or entity having access to any "Confidential Material" shall disclose in any manner any "Confidential Material" or its contents to any person other than a person entitled by paragraph 12 to have access to such "Confidential Material." All persons who receive "Confidential Material" must employ reasonable safeguards to ensure that "Confidential Material" is not disclosed to persons who are not authorized by this Protective Order to have access to "Confidential Material." Both parties shall undertake reasonable efforts to prevent unauthorized disclosure of "Confidential Material" and to arrange for the return of any "Confidential Material" which was improperly disclosed. Any party or individual found to have breached any provision of this Protective Order shall be subject to such orders and sanctions as the court may deem just and necessary to ensure that the intent of this Protective Order is honored and its terms are complied with, including but not limited to temporary or permanent restraining orders, restraining any person or entity to whom the "Confidential Material" may have been divulged from further dissemination or use of the information. The parties and all Qualified Persons agree that such an application may be made by way of an Order to Show Cause and hereby expressly consent to the jurisdiction of the United States District Court for the District of Alaska, regardless of where he, she or it may reside.

20. The Court may modify this Protective Order at any time for good cause shown and upon notice to the affected parties.

## Inadvertent Production

21. The inadvertent disclosure of any document which is subject to a legitimate claim that the document should have been withheld from disclosure as Protected Material shall NOT waive any privilege or other applicable protective doctrine for that document or for the subject matter of the inadvertently disclosed document if the producing party, upon becoming aware of the disclosure, promptly requests its return.

22. Except in the event that the requesting party disputes the claim, any documents which the producing party deems to contain inadvertently disclosed Protected Material shall be, upon written request, promptly returned to the producing party or destroyed, to the extent reasonably practicable, at the producing party's option, including all copies, electronic or otherwise, of any such documents. In the event that the producing party requests destruction, the requesting party shall provide written certification of compliance. In the event that the requesting party disputes the producing party's claim as to the protected nature of the inadvertently disclosed material, the provision of this paragraph shall not apply unless and until a court determines that production was in fact inadvertent or not Protected Material.

23. Any such Protected Material inadvertently disclosed by the producing party to the requesting party shall be and remain the property of the producing party.

24. Upon notice given to the producing party, material claimed by the producing party to be Protected Material shall be considered confidential and proprietary to the producing party and the requesting party shall hold the same in confidence and shall not use any disclosed Protected Material other than for the purposes described in this Order. To that end, the parties shall limit the further disclosure of all Protected Material only to those persons with a need to know the information for purposes of supporting any position asserted in this litigation.

25. If Protected Material is disclosed through inadvertence or otherwise to any person not authorized under this Order, the party causing such disclosure shall inform the person receiving the Protected Material that the information is covered by this Order, make its best efforts to retrieve the Protected Material, and promptly inform the producing party of the disclosure.

26. The requesting party shall have no confidentiality obligations with respect to any information which:

   (a) Is already known to the requesting party without restriction;

   (b) Is or becomes publicly known otherwise than by the requesting party's breach of this Agreement;

   (c) Is received by the requesting party without restriction from a third-party who is not under an obligation of confidentiality;

   (d) Is independently developed by the requesting party; or

   (e) Is approved for release by written authorization of the producing party.

27. Any notice required by this Order shall be given in writing, by mail, fax or email, to the following:

 <u>To ACAT and Sierra Club</u>:

 Brian Litmans
 Austin Williams
 Victoria Clark
 TRUSTEES FOR ALASKA
 1026 W. Fourth Avenue, Suite 201
 Anchorage, AK  99501
 907.276.4244
 Email: blitmans@trustees.org
    awilliams@trustees.org
    vclark@trustees.org

 Aaron Isherwood [Admitted *Pro Hac Vice*]
 Peter Morgan [Admitted *Pro Hac Vice*]
 SIERRA CLUB ENVIRONMENTAL LAW PROGRAM
 85 Second Street, 2d Floor
 San Francisco, CA  94105-3441
 415.977.5680
 Email: aaron.isherwood@sierraclub.org
    peter.morgan@sierraclub.org

 <u>To AES</u>:

 Kyle W. Parker
 David J. Mayberry
 CROWELL & MORING LLP
 1029 W. 3rd Avenue, Suite 402
 Anchorage, AK  99501
 907.865.2600
 Email: kparker@crowell.com
    dmayberry@crowell.com

 John Martin [Admitted *pro hac vice*]
 Susan M. Mathiascheck [Admitted *pro hac vice*]
 CROWELL & MORING LLP
 1001 Pennsylvania Avenue, NW


Washington, DC 20004
202.624.2500
Email:  jmartin@crowell.com
        smathiascheck@crowell.com

To ARRC:

Ralph H. Palumbo [Admitted *Pro Hac Vice*]
Denise L. Ashbaugh [Admitted *Pro Hac Vice*]
SUMMIT LAW GROUP PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA  98104-2682
206.676.7000
Email:  ralphp@summitlaw.com
        denisea@summitlaw.com


Jeffrey M. Feldman
FELDMAN ORLANSKY & SANDERS
500 L Street, Fourth Floor
Anchorage, Alaska 99501
907.272.3538
Email:  feldman@frozenlaw.com


IT IS SO ORDERED this 18th day of February, 2011.


                              /s/ Timothy M. Burgess
                              Timothy M. Burgess
                              United States District Court Judge

*Exhibit A*

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, have read in its entirety and understand the Protective Order issued in *Alaska Community Action on Toxics, et al. v. Aurora Energy Services, LLC*, *et al.*, Case No. 3:09-CV-00255-TMB, dated February \_\_, 2011. I agree to comply with and to be bound by all the terms of such Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____
                [printed name]

Signature: _____

Address: _____